UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETE LIZARRAGA,<br><br>                          Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>                          Defendant. | Case No.: 3:25-cv-01729-JAH-AHG<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE AND DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 15]** |

Before the Court is Plaintiff Jeanette Lizarraga ("Plaintiff") and Defendant Jaguar Land Rover North America, LLC's ("Defendant") Joint Motion for Determination of Discovery Dispute. ECF No. 15. Plaintiff seeks an order from the Court requiring Defendant to produce documents in response to Request for Production ("RFP") No. 31. *Id*. For the reasons set forth below, Plaintiff's motion to compel is **DENIED**.

## I.    BACKGROUND

Plaintiff filed this action on June 3, 2025, in San Diego Superior Court,[1] alleging that Defendant violated the Song-Beverly Consumer Warranty Act. ECF No. 1-2. In her complaint, Plaintiff alleges that she purchased a 2024 Jaguar F-PACE vehicle manufactured and distributed by Jaguar Land Rover North America LLC, which was covered by an express written warranty covering the utility and performance of the vehicle for a period of time. *Id*. at ¶ 8; *see id*. at ¶ 9 (5-year/60,000 mile express bumper to bumper warranty and 5-year/60,000 mile powertrain warranty). Plaintiff alleges that she experienced numerous defects with the vehicle during the warranty period. *Id*. at ¶ 10. She claims that even though Defendant was unable to adequately repair the defects, it failed to replace the vehicle or buy it back. *Id*. at ¶¶ 29–30. Plaintiff alleges that Defendant's actions were willful and seeks civil penalties of two times the amount of actual damages. *Id*. at ¶¶ 35, 62.

On October 29, 2025, Plaintiff served RFPs on Defendant. ECF No. 15-2. Specifically, RFP No. 31 seeks:

> All documents that refer to, reflect, or relate to any Field Service Action issued, or in the process of being issued, in response to complaints experienced by Plaintiff as described in Defendant's warranty history/summary and within the line items of the repair orders created at Defendant's authorized repair facility.

*Id*. at 10 (emphasis omitted). On December 22, 2025, Defendant served its response and objections to RFP No. 31. ECF No. 15-3 at 17–18. Defendant objected to the request on the basis that it sought trade secrets or confidential business information and asserted that the documents were not in Defendant's possession. *Id*. Defendant, however, agreed to permit inspection in lieu of production[2] of:

---

[1] Defendant removed this matter on July 7, 2025. ECF No. 1.

[2] *See* FED. R. CIV. P. 34(b)(2)(B).

3:25-cv-01729-JAH-AHG

the list of Technical Bulletins and Field Actions available for the year/make/model of the subject vehicle, as well as any Field Actions (including Recalls, if any) and Technical Bulletins identified in the subject vehicle's repair/service history during Plaintiff's ownership. JLRNA further refers Plaintiff to http://topix.landrover.jlrext.com/topix/vehicle/lookupForm where Plaintiff can access available Field Actions, Recalls, Technical Bulletins and other technical materials. Discovery is continuing, and JLRNA reserves the right to supplement its response based upon further investigation.

*Id*. at 18.

The Court held a discovery conference on February 2, 2026, and discussed the parties' disputes regarding three of Plaintiff's RFPs, including No. 31. ECF No. 11. The Court provided guidance to the parties regarding their disputes to facilitate further meet and confer efforts. *Id*. On February 11, 2026, the parties informed the Court that they resolved some of their disputes, but that their disputes remained as to RFP No. 31. Email to Chambers (Feb. 11, 2026, at 3:44 PM). The Court held a second discovery conference in the matter on February 17, 2026. ECF No. 13. The Court found it appropriate to issue a briefing schedule. ECF No. 14. The parties timely filed their Joint Motion for Determination of Discovery Dispute. ECF No. 15. This order follows.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure permit parties to obtain nonprivileged information if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b). Courts have broad discretion to determine relevance for discovery purposes. *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Youngevity Int'l, Inc. v. Smith*, No. 16cv704-BTM-JLB, 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017). The relevance standard is commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Doherty*, 2017 WL 1885677, at *2 (internal quotation

omitted). Regardless of its broad nature, however, relevance is not without "ultimate and necessary boundaries." *Doherty*, 2017 WL 1885677, at *2.

Information must also be "proportional to the needs of the case" to fall within the scope of permissible discovery. FED. R. CIV. P. 26(b)(1). When analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. "The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (internal citation omitted).

The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26. *Seegert v. Rexall Sundown*, No. 17-cv-01243-JAH-JLB, 2019 WL 12044514, at *3 (S.D. Cal. March 26, 2019); *see Bryant v. Ochoa*, No. 07-cv-200-TM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *PetConnect Rescue, Inc. v. Salinas,* No. 20-cv-0527-RSH-DEB, 2026 WL 1138349, at *1 (S.D. Cal. Apr. 20, 2026) (internal quotations omitted). Additionally, beyond the parties' respective burdens, a "court <u>must</u> limit the frequency or extent of discovery … if it determines that: … the proposed discovery is outside the scope permitted by Rule 26(b)(1)," i.e., that it is not relevant and proportional. FED. R. CIV. P. 26(b)(2)(C)(iii) (emphasis added).

## III.   NARROWING OF THE REQUEST AT ISSUE

As a threshold matter, the Court will assess whether the instant motion and order will refer to RFP No. 31 as served, or as narrowed by Plaintiff. In the instant motion, Plaintiff asserts that she "limited the scope of the discovery sought in Request for

Production No. 31 to EPQRs concerning the same defects experienced in Plaintiff's vehicle in other vehicles of the same year, make, and model." ECF No. 15 at 11;[3] ECF No. 15-1 at 3. However, there is no evidence presented before the Court that Plaintiff served an amended discovery request. As such, the Court declines to accept Plaintiff's *post hac* attempt at amendment and will address the discovery request as served. *See Schessler v. Bass*, No. 1:23-cv-01012-BAM-PC, 2025 WL 2207246, at *4 (E.D. Cal. Aug. 4, 2025) (collecting cases and explaining that "Plaintiff may not modify his original request for production using a motion to compel. … Plaintiff's attempt to provide a narrower or clarifying definition of his original request, or to request more particular documents … constitute an improper amendment to Plaintiff's discovery request"); *Madden v. Hicks*, No. 1:18-cv-00255-KES-BA, 2024 WL 4826720, at *4 (E.D. Cal. Nov. 19, 2024) (collecting cases and explaining that, "[d]espite Plaintiffs' attempts to provide additional search terms or to narrow the time frame of their requests, Plaintiffs may not modify their original requests for production using a motion to compel"); *Hisle v. Conanon*, Case No. 1:17-cv-01400-LJO-SAB, 2018 WL 4444959, at *7 (E.D. Cal. Sept. 14, 2018) (denying motion to compel, noting that narrowing a discovery request must be done by way of a new request, not a motion to compel).

## IV.   RELEVANCE

Plaintiff seeks documents regarding Field Service Actions in response to the same complaints experienced by Plaintiff or same repairs made to Plaintiff's vehicle. ECF No. 15-2 at 10. Plaintiff argues that these documents are relevant to her allegations of willfulness. ECF No. 15 at 4. Specifically, Plaintiff argues that consumer complaint data could show Defendant's "prior knowledge of the systemic defects/nonconformities found in the Subject Vehicle[.]" *Id*. at 7; *see* ECF No. 15-1 at 3 ("the RFPs seek information and

---

[3] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the court's electronic case filing system.

3:25-cv-01729-JAH-AHG

documents that are probative of [Defendant's]'s prior knowledge of the electrical, transmission, emission, and engine system defects found within the Subject Vehicle"). Plaintiff contends that Defendant's knowledge and awareness of the defects are "directly relevant" because a finding of willfulness "depends on … what Defendant knew, when it knew it, and whether it failed to act despite that knowledge." ECF No. 15-1 at 3.

Though discovery relating to vehicles of the same year, make, and model may be relevant,[4] Plaintiff's discovery request does not pose these limitations and encompasses any vehicle manufactured by Defendant. Cases cited by Plaintiffs do not support the assertion that unrelated vehicles' repairs could be relevant to a willfulness analysis, nor does Plaintiff make such an assertion. *See* ECF No. 15-1 at 3–4 (collecting cases[5] where requests regarding vehicles of same year, make, and model were found to be relevant). Thus, the Court finds that RFP No. 31 has limited relevancy.

### V.    PROPORTIONALITY

Even if RFP No. 31 has limited relevancy, the Court nonetheless finds that it is not proportional to the needs of the case. As an initial matter, though Plaintiff cites numerous

---

[4] *See Siyu Dong v. BMW of N. Am., LLC*, No. 19-cv-2202-DMS-BGS, 2020 WL 5891525, at *8 (S.D. Cal. Oct. 5, 2020) (permitting discovery regarding "other BMW vehicles of the same make, model and year that suffered from repairs to the high-pressure fuel pump" because "the relevance of same defects in other same BMW vehicles goes to the issue of willfulness under the Song-Beverly Act. The relevancy of the same nonconformities in other like vehicles goes to notice to the defendant that, given a fundamental defect in the same model vehicles as the subject vehicle, the repairs did not fix the vehicle"); *Zargarian v. BMW of N. Am., LLC*, No. CV-18-4857-RSWL-PLAx, 2019 WL 6111732, at *8 (C.D. Cal. Sept. 23, 2019) ("in light of the willfulness analysis that will be required pursuant to the Song-Beverly Act, … limited discovery … [regarding] plaintiff's vehicle and vehicles of the same make, model, and year as plaintiff's vehicle with the N63 engine, and with the same 'engine defects' or symptoms experienced by plaintiff as reflected in his vehicle's repair history, are relevant").

[5] Of note, the court in *Zargarian* found that discovery requests not limited to vehicles of the same year, make, and model were not relevant and did not permit such sweeping discovery. 2019 WL 6111732, at *8.

cases from California state courts to support her contention that RFP No. 31 is relevant and proportional, the Court does not find these authorities persuasive. *See* ECF No. 15 at 3–4 (collecting cases purporting to support discoverability). Those state courts were "concerned only with whether the proposed discovery was relevant; they were not bound to consider the federal courts' new proportionality guidance in Rule 26, which was expressly designed to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse.'" *Koeper v. BMW of N. Am., LLC*, No. 17-cv-6154-VAP-JPRx, 2018 WL 6016915, at *2 (C.D. Cal. May 21, 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment). Additionally, the California cases cited are distinguishable for other reasons. *Compare* ECF No. 15 at 4 (citing *Donlen*[6] and *Doppes*[7] as authorities supporting discoverability of RFP No. 31) *with Velasco v. Mercedes-Benz USA, LLC*, No. 2:18-cv-07880-MWF (SKx), 2019 WL 6825744, at *1 (C.D. Cal. June 13, 2019) ("*Doppes* never addressed the underlying merits of a discovery request like Plaintiff's, [] and *Donlen* predates the December 2015 revisions to the Federal Rules of Civil Procedure. So neither *Doppes* nor *Donlen* are controlling here since federal discovery practice must also meet the post-2015 federal proportionality requirements of Rule 26") (internal quotation omitted) *and Koeper*, 2018 WL 6016915, at *2 (distinguishing *Donlen* and *Doppes* in discovery order regarding RFP relating to vehicles of same year, make, and model).

As to the applicable factors, first, though the information sought has limited relevance, the Court is not persuaded that it is of great importance to the issues at stake in this action. *Koeper*, 2018 WL 6016915, at *1 ("The importance of the issue at stake here is also not great, other than to Plaintiff himself [as] this lawsuit involves a single car."); *see also Kooner v. BMW of N. Am., LLC*, No. 17-cv-1940 W-BGS, 2018 WL 3956021, at *3 (S.D. Cal. Aug. 16, 2018) ("the case law's primary focus on the issue of willfulness is not

---

[6] *Donlen v. Ford Motor Co.*, 217 Cal. App. 4th 138 (2013).

[7] *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967 (2009).

3:25-cv-01729-JAH-AHG

on other vehicles, rather on a defendant's conduct towards the subject vehicle. Therefore, the court gives little weight to the importance of this discovery [repurchases of the same make, model and year vehicles as plaintiff's] to proving willfulness").

Further, the amount in controversy in this matter is below $250,000. ECF No. 1-2 at ¶¶ 8, 62 (Plaintiff purchased the vehicle for $81,636.80 and seeks civil penalties of up to two times the amount of actual damages); *see Velasco*, 2019 WL 6825744, at *1 ("The alleged amount in controversy[,] $349,486.08 plus attorneys' fees[,] is not enough by itself" to show proportionality of RFP seeking documents relating to vehicles of the same year, make, and model); *Putman v. BMW of N. Am., LLC*, No. CV-17-3485-JAK-KSx, 2018 WL 6137160, at *5 (C.D. Cal. May 14, 2018) ("the amount at issue [$300,000.00, including civil penalties for willfulness] concerning Plaintiffs' single vehicle does not warrant requiring Defendant to conduct a search of nationwide or even statewide records for thousands of other vehicles when the central information necessary to prove or disprove Plaintiffs' claims under the Song-Beverly Act pertains to the service records and history of Plaintiffs' vehicle").

Also, "[a]lthough Defendant clearly has somewhat greater access to the information sought than does Plaintiff and is not without substantial resources, gathering it would nonetheless require it to undertake significant effort." *Koeper*, 2018 WL 6016915, at *1 (finding similar RFP not proportional); *see* ECF No. 15 at 9 ("Compelling [Defendant] to search for, review, and produce EPQRs for 'similar concerns' would force [Defendant] to manually review tens of thousands of unrelated files to ascertain if a technical failure in an unrelated vehicle somehow mirrors the subjective complaint of the Plaintiff"). Plaintiff, moreover, has access to other evidence she could use to show willfulness, such as the "Technical Bulletins and Field Actions available for the year/make/model of the subject vehicle" that Defendant produced for inspection. ECF No. 15-3 at 18; *see Kooner*, 2018 WL 3956021, at *3 ("Plaintiff has access to more relevant evidence to the issue of notice to Defendant than RFP No. 47, namely service bulletins produced by the Defendant of widespread defects and non-conformities in all 2013 BMW 750is. This is the type of

evidence which provides a reasonable inference that the Defendant was on notice that the subject vehicle was not repaired, and failure to repurchase was willful").

As such, the Court finds Plaintiff did not meet her burden to show that that RFP No. 31, as written or as narrowed, is proportional[8] to the needs of the case.

## VI.    CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to compel. ECF No. 15.

## VI.    AMENDED SCHEDULING ORDER

During the discovery conferences in the matter, the Court determined that depositions should take place after the dispute as to RFP No. 31 was resolved. ECF No. 14 at 2 (setting briefing schedule and noting that, "[u]pon resolution of the discovery motion, the Court will adjust the March 13, 2026, fact discovery deadline to permit the completion of the depositions"). The Court required the parties to submit a joint statement regarding which depositions still needed to be taken. *Id*.; *see* Email to Chambers (Mar. 4, 2026, at 1:12 PM). Upon review of the parties' submission,[9] the Court *sua sponte* issues the following First Amended Scheduling Order:

1.     The parties must complete all fact discovery by **July 31, 2026**.

2.     The parties must designate their respective experts in writing by **August 31, 2026**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **September 30, 2026**.  Written designations must include the name, address and

---

[8] As the Court has found that RFP No. 31 is not proportional, the Court need not reach Defendant's other objections regarding confidential business information or third-party possession of the documents.

[9] The parties listed the outstanding depositions as: (1) Defendant's Rule 30(b)(6) witness; (2) Jaguar Land Rover San Diego's Rule 30(b)(6) witness; (3) Plaintiff; (4) Defendant's expert; and (5) Plaintiff's expert. *Id*.

3:25-cv-01729-JAH-AHG

telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list must also include the normal rates the expert charges for deposition and trial testimony.

3.      By **August 31, 2026**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial, absent substantial justification.  Additionally, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

4.      Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **September 30, 2026**.

5.      All parties must complete all expert discovery by **October 30, 2026**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

6.      Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

7.      All other pretrial motions must be filed by **December 18, 2026**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

/ /

3:25-cv-01729-JAH-AHG

8.      A Mandatory Settlement Conference will be conducted on **March 1, 2027** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*.

    a.  The Court requires the personal attendance of all named parties, party representatives with full[10] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

    b.  Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **February 8, 2027**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

    c.  Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **February 16, 2027**.

    d.  Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **February 22, 2027**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's

---

[10] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

3:25-cv-01729-JAH-AHG

Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later **February 22, 2027**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **February 22, 2027**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

g. All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

h. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

3:25-cv-01729-JAH-AHG

9.      Despite the requirements of Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6)(b).

10.      Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **March 31, 2027**.  Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11.      Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **April 7, 2027**.  At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues.  Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel must note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel must cooperate in the preparation of the proposed pretrial conference order.

12.      Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **April 14, 2027**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order.  Both parties must promptly attempt to resolve their differences, if any, concerning the order.

13.      The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **April 21, 2027** in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

14.      The final Pretrial Conference is scheduled on the calendar of the **Honorable John A. Houston** on **April 28, 2027** at **2:30 p.m.**

3:25-cv-01729-JAH-AHG

15.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17.    The Court will not modify the dates and times set forth in this order except for good cause shown.

18.    Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge.  Reply memorandum must not exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  June 26, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:25-cv-01729-JAH-AHG